UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF WEST VIRGINIA
CHARLESTON DIVISION

| | |
|---|---|
| MASSEY ENERGY COMPANY,<br><br>and<br><br>MARFORK COAL COMPANY, INC., a subsidiary of Massey Energy Company,<br><br>*Plaintiffs*,<br><br>v.<br><br>THE WEST VIRGINIA SUPREME COURT OF APPEALS,<br><br>*Defendant.* | Civil Action No. 2:06-0614<br><br>#18932<br><br> |

## COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF

Plaintiff Massey Energy Company ("Massey Energy") and its subsidiary, Plaintiff Marfork Coal Company, Inc. ("Marfork Coal") (collectively "Plaintiffs"), by counsel and for their Complaint, state as follows:

### NATURE OF ACTION

1. This is a civil action to challenge the constitutionality of a West Virginia rule of appellate procedure. Plaintiff Massey Energy and its subsidiary, Plaintiff Marfork Coal, seek declaratory and injunctive relief under 42 U.S.C. § 1983 and 28 U.S.C. §§ 2201 and 2202 on the grounds that Rule 29 of the West Virginia Rules of Appellate Procedure ("Rule 29") violates Plaintiffs' Fourteenth Amendment due process right to a fair hearing before an impartial tribunal and to the appearance of justice insofar as the rule, as promulgated and applied, permits a single justice of the West Virginia Supreme Court of Appeals ("West Virginia Supreme Court") who is the subject of a disqualification motion exclusively to determine the merits of that motion and does not provide for review or determination of such motion by an impartial judicial officer.

4820653

## JURISDICTION AND VENUE

2. This action is authorized by 42 U.S.C. § 1983, which provides redress for the deprivation under color of state law of rights secured by the Constitution and the laws of the United States, the rights implicated in this case arising under the Fourteenth Amendment to the United States Constitution.

3. This Court has subject matter jurisdiction over the Plaintiffs' claims pursuant to 28 U.S.C. §§ 1331 and 1343(a).

4. This Court also has authority to provide declaratory and injunctive relief in this case under the Declaratory Judgment Act, 28 U.S.C. §§ 2201 and 2202.

5. This Court has personal jurisdiction over Defendant West Virginia Supreme Court because the Defendant resides in West Virginia.

6. Venue is proper under 28 U.S.C. § 1391(b) because the sole Defendant resides within the Charleston Division of the United States District Court for the Southern District of West Virginia and all or a substantial portion of the events giving rise to the claims occurred in this District.

## PARTIES

7. Plaintiff Massey Energy is a publicly traded Delaware corporation that owns and operates through subsidiaries mines located throughout the states of Virginia, West Virginia, and Kentucky. Plaintiff Massey Energy's principal place of business is located at 4 North 4th Street, Richmond, Virginia. Plaintiff Massey Energy has appeared as a party before the West Virginia Supreme Court on numerous occasions in the past and reasonably anticipates appearing as a party before the same court in the near future. Currently, Massey Energy has one case pending before the West Virginia Supreme Court and at least one additional case on which Massey Energy has petitioned for review. Plaintiff Massey Energy is currently a party in at least twelve actions in West Virginia circuit courts, and each of those proceedings is reasonably and imminently likely to come before the West Virginia Supreme Court.

4820653

2

8. Plaintiff Marfork Coal is a subsidiary of Plaintiff Massey Energy and is located in Raleigh County, West Virginia. Plaintiff Marfork Coal has appeared as a party before the West Virginia Supreme Court on numerous occasions in the past and reasonably anticipates appearing as a party before the same court in the near future. Plaintiff Marfork Coal is currently a party in at least six actions in the West Virginia circuit courts, and each of those proceedings is reasonably and imminently likely to come before the West Virginia Supreme Court.

9. Defendant West Virginia Supreme Court resides in Charleston, West Virginia. Based on authority granted to it under Article VIII, Section 8 of the West Virginia Constitution, the West Virginia Supreme Court promulgated Rule 29 and applies Rule 29 in order to determine motions to disqualify one or more justices of that court. Defendant West Virginia Supreme Court is being sued in its official capacity.

## BACKGROUND

10. Article VIII, Section 8 of the West Virginia Constitution provides the West Virginia Supreme Court with inherent rule-making power, which includes the authority to "prescribe, adopt, promulgate and amend rules prescribing a judicial code of ethics, and a code of regulations and standards of conduct and performances for justices, judges and magistrates, along with sanctions and penalties for any violation thereof . . . ."

11. The West Virginia Legislature also has authorized the West Virginia Supreme Court to promulgate rules governing practice in the State courts. Section 51-1-4 of the West Virginia Code provides, in pertinent part: "The supreme court of appeals may, from time to time, make and promulgate general rules and regulations governing pleading, practice and procedure in such court and in all other courts of record of this state."

12. On April 3, 1996, the West Virginia Supreme Court, on its own motion and pursuant to its inherent rule-making power under Article VIII, Section 8 of the West Virginia Constitution,

adopted Rule 29 of the West Virginia Rules of Appellate Procedure. Rule 29 provides, in pertinent part:

> (a) Motions for Disqualification. In any proceeding, any party may file a written motion for disqualification of a justice within thirty days after discovering the ground for disqualification and not less than seven days prior to any scheduled proceedings in the matter. If a motion for disqualification is not timely filed, such delay may be a factor in deciding whether the motion should be granted.
>
> (b) Grounds for Disqualification. A justice shall disqualify himself or herself, upon proper motion or *sua sponte*, in accordance with the provisions of Canon 3(E)(1) of the Code of Judicial Conduct or, when *sua sponte*, for any other reason the justice deems appropriate.
>
> (c) Contents of Motion: The motion shall be addressed to the justice whose disqualification is sought and shall state the facts and reasons for disqualification, including the specific provision of Canon 3(E)(1) of the Code of Judicial Conduct asserted to be applicable . . . .
>
> . . . .
>
> (e) Filing of Motion. . . . Once a proper motion is received, the Clerk of the Supreme Court shall promptly deliver a copy of the motion to each of the justices.
>
> (f) Decision on Motion. The justice shall promptly notify the Clerk of the Supreme Court of his or her decision on the motion for disqualification and the Clerk of the Supreme Court shall promptly notify the other justices and the parties of such decision.
>
> . . . .

13. Canon 3(E)(1) of the Code of Judicial Conduct provides, in pertinent part: "A judge shall disqualify himself or herself in a proceeding in which the judge's impartiality might reasonably be questioned, including but not limited to instances where: (a) the judge has a personal bias or prejudice concerning a party . . . ."

14. Rule 29, as promulgated and as applied by the Defendant West Virginia Supreme Court, provides judicial review of disqualification motions only by the justice or justices who are the subject of such motions; it does not provide for a fair hearing of such motions by an impartial

4820653

4

judicial tribunal and does not provide for review by an impartial tribunal of the decisions of the interested justices.

15. Title 42 of the United States Code, Section 1983 provides, in pertinent part: "Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State . . . , subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress . . . ." Defendant West Virginia Supreme Court was, and is at all times material to this action, acting through its Justices, under color of state law, namely, by its promulgation, construction and application of Rule 29. Its actions constitute actions of the State within the meaning of the Fourteenth Amendment to the United States Constitution.

16. Defendant West Virginia Supreme Court's promulgation, construction and application of Rule 29 constitutes a deprivation of the rights, privileges, and immunities secured by the Constitution and laws of the United States to Plaintiffs. Specifically, Rule 29 violates Plaintiffs' rights to a fair hearing before an impartial tribunal under the Due Process Clause of the Fourteenth Amendment to the United States Constitution insofar as the rule, as promulgated and applied, permits a justice of the West Virginia Supreme Court who is the subject of a disqualification motion exclusively to determine the merits of that motion and does not provide for review of such motion by an impartial judicial officer.

17. Defendant West Virginia Supreme Court's promulgation, construction and application of Rule 29 constitutes a deprivation of the rights, privileges, and immunities secured by the Constitution and laws of the United States to Plaintiffs. Specifically, Rule 29 violates Plaintiffs' rights to the appearance of justice under the Due Process Clause of the Fourteenth Amendment to the United States Constitution insofar as the rule, as promulgated and applied, permits a justice of

4820653

5

the West Virginia Supreme Court who is the subject of a disqualification motion exclusively to determine the merits of that motion and does not provide for review of such motion by an impartial judicial officer. Defendant West Virginia Supreme Court's promulgation, construction and application of Rule 29 undermines public confidence in the judiciary and raises the inference of bias.

18. In light of Plaintiffs' past experience before the West Virginia Supreme Court, Plaintiffs reasonably anticipate that they will suffer a deprivation of their constitutional right to a fair hearing before an impartial tribunal in the future. Currently, one member of the West Virginia Supreme Court, Justice Larry Starcher, has shown a strong personal bias against Plaintiff Massey Energy, and Plaintiff Massey Energy's Chairman and Chief Executive Officer, Don L. Blankenship. Because Plaintiffs are likely to appear before the West Virginia Supreme Court in the future, their disqualification motions will be subject to Rule 29.

19. The basis of such disqualification motions will include numerous instances in which Justice Starcher has violated Canon 3(E)(1) of the Code of Judicial Conduct by expressing publicly a personal bias against Plaintiffs. For instance, on January 3, 2003, the *State Journal* reported that Justice Starcher told a group of high school students visiting the State Capitol on December 3, 2002, that coal companies were not good for the State of West Virginia because coal companies reap benefits without contributing anything in return. In the course of those remarks, Justice Starcher singled out Plaintiff Massey Energy specifically for criticism.

20. Apart from Justice Starcher's comments about Plaintiff Massey Energy to the students, he also criticized Massey Energy following the November 2004 contest for a seat on the West Virginia Supreme Court. After the victory of attorney Brent Benjamin, a candidate supported personally by Mr. Blankenship, Justice Starcher criticized Plaintiff Massey Energy, saying in a public radio interview:

> What we're going to see is we're gonna see Massey Coal and the big out-of-state insurance companies and huge mega-corporations buy a

4820653

6

> seat on our Supreme Court, and I'll be very sad to sit on that Supreme Court for the next four years, quite frankly. I hate to see out-of-state money be used in such an obscene way as it was in this race to buy a seat on the Supreme Court and attempt to control it. It saddens me very much.

In the days before the election, Justice Starcher had stated that if Mr. Benjamin prevailed, "Don Blankenship and the Massey Coal Co. will own the West Virginia Supreme Court."

21. At the 2005 Annual Conference of the Virginia Trial Lawyers Association, held from March 31 to April 3, 2005, Justice Starcher continued to discuss publicly Mr. Blankenship's participation in the November 2004 West Virginia Supreme Court of Appeal campaign, saying:

> Justice McGraw was not opposed in the general election by some neophyte lawyer named Brent Benjamin. He was opposed by a Richmond, Virginia resident named Don Blankenship, who poked $4 million into defeating Justice Warren McGraw in [the] Supreme Court. Nobody ever heard of Brent Benjamin, including my friend Tom and I, and he practiced law in Charleston for 20 years, I believe.
>
> So, really, the election was bought, a seat was purchased on our Supreme Court, and I'm highly offended by it. I'm highly offended by the obscene use of out-of-state money . . . .
>
> [T]hey tried to purchase a seat on our Supreme Court, and they succeeded. Coincidentally, Massey Coal, which Don Blankenship is a CEO [sic], has a $60 million case on appeal in our court at this time. He has also – his coal company has more EPA violations than all other coal companies put together in West Virginia. He has a very special interest in owning a seat on the Supreme Court.

Most of this statement is false: (i) Mr. Blankenship is not a Richmond, Virginia resident; (ii) Mr. Blankenship is not an "out-of-state" person, having instead spent most of his life in West Virginia; (iii) Plaintiff Massey Energy does not have "more EPA violations than all other coal companies put together in West Virginia"; and (iv) Mr. Blankenship, through his participation in the political process, has neither sought nor accomplished the goal of "owning a seat on the Supreme Court."

22. On account of Justice Starcher's public hostility to Plaintiffs, Plaintiff Marfork Coal sought Justice Starcher's disqualification under Rule 29 in a recent matter before the West Virginia

4820653                                  7

Supreme Court – *Marfork Coal Company v. Timmermeyer*, No. 051011 – in which Plaintiff Marfork Coal sought review of a permitting decision by the West Virginia Department of Environmental Protection.

23.  On June 16, 2005, Justice Starcher denied the disqualification motion in a memorandum decision, observing: "True, I have said that, in my opinion, Massey has not been a good corporate citizen. I read papers and form personal opinions as other people do." Then, after analogizing to prior cases before the court involving infamous behavior, including murder, drunk driving, child abuse and domestic violence, Justice Starcher concluded: "So, as one can see, this is not the first time I have been asked to sit in judgment of a party for which I may have less than full respect . . . ." Because Rule 29 does not provide for further review of disqualification motions by an impartial tribunal, no other justice or panel of justices of the West Virginia Supreme Court reviewed the merits of the disqualification motion.

24.  On October 26, 2005, Justice Starcher discussed with the Bluefield *Daily Telegraph* Mr. Blankenship's participation in the political process, saying "I think he has no real concern or interest in the betterment of West Virginia . . . . I think he's simply on an egomaniac trip and is trying to better the bottom line of his coal company."

25.  On October 27, 2005, Justice Starcher sent a note via United States mail to Mr. Blankenship. Upon information and belief, the note was written in Justice Starcher's own handwriting. The note stated:

> Dear Mr. Blankenship –
> Some reading information to help you "keep the record straight."
> Larry V. Starcher
> P.S. I paid the postage

The note was written on Justice Starcher's government-issued official Supreme Court stationery. Attached to the note was (1) a copy of Justice Starcher's curriculum vitae; (2) a document written by Justice Starcher entitled "an abbreviated autobiography"; and (3) a document containing Justice

Starcher's career biography, including a picture of Justice Starcher, which Justice Starcher autographed with the following inscription:

> Best wishes
> to a "fine West
> Virginian" -----
> L. Starcher
> 10/27/05

26. On October 28, 2005, Justice Starcher spoke at the Annual West Virginia Political Science Association Meeting. During an interview with a local news station, Justice Starcher answered questions about Mr. Blankenship, stating, "I think he's a clown, and he's an outsider, and he's running around this state trying to buy influence like buying candy for children. And, I think it's disgusting." In further discussing Mr. Blankenship, Justice Starcher also stated, "He's stupid. He doesn't know what he's talking about. . . ." Justice Starcher also added, "I'm certainly not afraid of him."

27. On October 31, 2005, Marfork Coal renewed its motion for disqualification of Justice Starcher. On the same day, Justice Starcher, in accordance with the procedures provided under Rule 29, denied the motion without explanation. Because Rule 29 does not provide for further review of disqualification motions by an impartial tribunal, no other justice or panel of justices of the West Virginia Supreme Court reviewed the merits of the disqualification motion.

28. On or about April 5, 2006, Plaintiffs sought Justice Starcher's disqualification under Rule 29 in *State of West Virginia ex rel A.T. Massey v. The Honorable Jay M. Hoke, Judge of the 25th Judicial Circuit et al.*, No. 060936, a matter related to the "$60 million case" Justice Starcher referenced at the 2005 Annual Conference of the Virginia Trial Lawyers Association.

29. On May 2, 2006, Justice Starcher, in accordance with the procedures provided under Rule 29, denied the disqualification motion in *State of West Virginia ex rel A.T. Massey v. The Honorable Jay M. Hoke, Judge of the 25th Judicial Circuit et al.* without explanation. Because Rule 29 does not

provide for further review of disqualification motions by an impartial tribunal, no other justice or panel of justices of the West Virginia Supreme Court reviewed the merits of the disqualification motion.

30. As a direct and proximate result of Defendant West Virginia Supreme Court's promulgation, construction and application of Rule 29, Plaintiffs have suffered, are suffering and will continue to suffer injury due to a deprivation of Plaintiffs' right to due process under the Fourteenth Amendment to the United States Constitution.

## COUNT ONE

31. Plaintiffs re-allege Paragraphs 1 through 30 and incorporate them herein by reference.

32. Plaintiffs contend that there exists an actual controversy between the parties. Plaintiffs reasonably anticipate appearing as parties before the Defendant West Virginia Supreme Court in the near future. Currently, Massey Energy has one case pending before the West Virginia Supreme Court and at least one additional case on which Massey Energy has petitioned for review. Plaintiff Massey Energy is currently a party in at least twelve actions in the West Virginia circuit courts and each of those proceedings is reasonably and imminently likely to come before the West Virginia Supreme Court in the near future. Plaintiff Marfork Coal is currently a party in at least six matters in the West Virginia circuit courts, and each of those proceedings is reasonably and imminently likely to come before the West Virginia Supreme Court in the near future. Plaintiffs reasonably anticipate the need to file disqualification motions under Rule 29 when they appear as parties before the West Virginia Supreme Court. Consequently, Plaintiffs have suffered and will suffer a deprivation of their constitutional due process right to a fair hearing before an impartial tribunal due to Defendant West Virginia Supreme Court's promulgation, construction and application of Rule 29.

33. Rule 29, as promulgated, construed and applied by Defendant West Virginia Supreme Court violates 42 U.S.C § 1983.

34. Plaintiffs have no adequate remedy at law.

## COUNT TWO

35. Plaintiffs re-allege Paragraphs 1 through 34 and incorporate them herein by reference.

36. Plaintiffs have suffered and will suffer a deprivation of their constitutional due process right to the appearance of justice in the future due to Defendant West Virginia Supreme Court's promulgation, construction and application of Rule 29.

37. Rule 29, as promulgated, construed and applied by Defendant West Virginia Supreme Court violates 42 U.S.C § 1983.

38. Plaintiffs have no adequate remedy at law.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiffs respectfully request that this Court:

1) Declare that Rule 29 of the West Virginia Rules of Appellate Procedure on its face, as construed and as applied is invalid and unconstitutional under the Due Process Clause of the Fourteenth Amendment to the United States Constitution insofar as it fails to provide for a fair hearing before an impartial tribunal of all motions for disqualification filed under Rule 29;

2) Declare that Rule 29 of the West Virginia Rules of Appellate Procedure on its face, as construed and as applied is invalid and unconstitutional under the Due Process Clause of the Fourteenth Amendment to the United States Constitution insofar as it fails to satisfy the appearance of justice with respect to all motions for disqualification filed under Rule 29;

3) Order Defendant West Virginia Supreme Court to amend Rule 29 of the West Virginia Rules of Appellate Procedure in accordance with the Fourteenth Amendment to the United States Constitution so that it provides for a fair hearing before an impartial tribunal of all motions for disqualification filed under Rule 29;

4) Grant Plaintiffs their costs in this action, including reasonable attorney's fees, pursuant to 42 U.S.C. § 1988 and any other applicable authority; and

5) Grant Plaintiffs such other relief as may be necessary and proper.

**MASSEY ENERGY COMPANY and MARFORK COAL COMPANY, INC.,**

By counsel

*S Caudill*
_____
SCOTT CAUDILL (W.Va. #8961)
Caudill Law
100 Capitol Street, Suite 1100
Charleston, West Virginia 25301
(304) 344-3510 (telephone)

ROBERT D. LUSKIN*
Patton Boggs, LLP
2550 M Street, N.W.
Washington, D.C. 20037-1350
(202) 457-6190 (telephone)
(202) 457-6315 (telefacsimile)

*Mr. Luskin is a prospective candidate for admission *pro hac vice* under Rule 8.0 of the West Virginia Rules for Admission to the Practice of Law, and for "visiting attorney" status under Rule 2.02 of the Local Rules of the U.S. District Court for the Southern District of West Virginia.