UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF WEST VIRGINIA
CHARLESTON DIVISION

MASSEY ENERGY COMPANY,

    and

MARFORK COAL COMPANY, INC., a
Subsidiary of Massey Energy Company,

       Plaintiffs,

   v.

SUPREME COURT OF APPEALS OF
WEST VIRGINIA

       Defendant.

)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)

Civil Action No. 2:06-0614
(Judge Copenhaver)

**THE SUPREME COURT OF APPEALS OF WEST VIRGINIA'S OPPOSITION
TO PLAINTIFFS' MOTION FOR SUMMARY JUDGMENT
AND CROSS-MOTION FOR SUMMARY JUDGMENT**

# TABLE OF CONTENTS

Page

TABLE OF CONTENTS.................................................................................................. i

TABLE OF AUTHORITIES ........................................................................................... iii

INTRODUCTION .............................................................................................................1

ARGUMENT .....................................................................................................................2

I.      Plaintiffs have Failed to Meet Their Burden of Proof to
Establish Standing..................................................................................................2

II.     Abstention Pursuant to the *Younger* Abstention Doctrine
is Appropriate.........................................................................................................5

        A.      There are Ongoing State Judicial Proceedings .................................6

        B.      West Virginia has an Important State Interest in the
Administration of Its Courts ..............................................................7

        C.      Plaintiffs' have an Adequate Opportunity to Raise
Their Constitutional Claims................................................................8

III.    Rule 29 of the West Virginia Rules of Appellate Procedure
Comports with the Due Process Requirements of the Fourteenth
Amendment of the United States Constitution ...............................................9

        A.      Standard of Review for Facial, Constitutional Challenges..............10

        B.      The Due Process Clause....................................................................11

        C.      Procedural Due Process Claims ........................................................11

        D.      Rule 29 of the West Virginia Rules of Appellate Procedure ..........12

        E.      Upholding the Constitutionality of Rule 29 Comports
With Relevant Law ............................................................................15

                1.      The Supreme Court of Michigan .........................................15

                2.      United States Supreme Court................................................17

IV.    Plaintiffs' Constitutional Arguments Lack Merit ........................................................18

    A.    Alleged Bias of a Justice Does Note Rise to the Level of
          a Constitutional Question..................................................................................19

    B.    To Determine if a Justice has an Interest in a Proceeding
          Constitutionally Requiring his Recusal, One Examines
          the Justice's Interest in the Underlying Proceeding from
          which His or Her Recusal was Sought..............................................................20

          1.    Defining "Proceeding" for Purposes of Recusal Motions .......................22

          2.    No Due Process Rights are Implicated by a Standalone
                Recusal Motion ......................................................................................23

          3.    Plaintiffs' Interpretation of the Relevant Interest for the
                Determination of Whether a Justice is Constitutionally
                Required to Recuse Himself or Herself Runs Afoul of
                The Recusal Statutes, Laws and Rules of the Vast
                Majority of Jurisdictions ........................................................................24

V.    The Due Process Clause Does Not Require Recusal Based Solely
    Upon Appearances ........................................................................................................28

CONCLUSION..................................................................................................................31

# TABLE OF AUTHORITIES

**CASES**          **Page**

Aetna Life Ins. Co. v. Lavoie, 475 U.S. 813 (1986)...........................4,12,14,19,20,21,22,28,30

Aronson v. Brown, 14 F.3d 1578 (4th Cir. 1994)......................................................................25

Baffert v. California Horse Racing Bd., 332 F.3d 613 (9th 2003) ...............................................7

Bagley v. Blankenship, 246 S.E.2d 99 (W.Va. 1978) ..................................................................8

Baker v. Miller, 75 F.Supp.2d 919 (N.D. Ind. 1999)..................................................................20

Bracy v. Gramley, 520 U.S. 899 (1997) ..................................................12,19,20,21,28,30,31

Center for Individual Freedom v. Carmouche, 449 F.3d 655 (5th Cir. 2006) ...........................10

Cheney v. US District Court for the District of Columbia, 541 U.S. 913 (2004)...............17,26

City of Los Angeles v. David, 538 U.S. 715 (2003)...................................................11,12,14,16

City of New York v. U.S. 179 F.3d 29 (2nd Cir. 1999).............................................................10

Clay v. Brown, Hopkins & Stambauch, 892 F.Supp. 11 (D.D.C. 1995) ..............................25,26

Communications Telesystems Int'n v. Cal. Pub. Utility Comm., 196 F.3d
1011 (9th 1999)............................................................................................................................8

Del Vecchio v. Illinois Dept. of Corrections, 31 F.3d 1363 (7th Cir. 1994) ............................29

District of Columbia Court of Appeals v. Feldman, 460 U.S. 462 (1983) ................................2

Davis v. Bd. of School Com'rs of Mobile County, 517 F.2d 1044 (5th Cir. 1975) .................25

Davis v. Jones, 506 F.3d 1325 (11th Cir. 2007) ...................................................................30,31

Eastern Paralyzed Veterans Ass'n, Inc. v. Secretary of Veterans Affairs,
257 F.3d 1352 (Fed Cir. 2001).................................................................................................10

Fieger v. Ferry, 2007 WL 2827801 ........................................................5,9,10,12,15,16

Garcia v. Wyeth-Ayerst Laboratories, 385 F.3d 961 (6th Cir. 2004)........................................10

Hardy v. U.S., 878 F.2d 94 (2nd Cir. 1989)..............................................................................30

Hicks v. Miranda, 422 U.S. 332 (1975)......................................................................7

Hohe v. Casey, 956 F.2d 399 (3rd Cir. 1992)............................................................10

Huffman v. Pursue, Ltd., 420 U.S. 592 (1975)........................................................4,29

Horton v. City of St. Augustine, Fla, 272 F.3d 1318 (11th Cir. 2001).......................10

In re Drexel Burnham Lambert Inc., 861 F.2d 1307 (2d Cir. 1988)...........................26

In re Kensington Intern. Ltd., 353 F.3d 211 (3rd Cir. 2003).......................................26

In re Murchison, 349 U.S. 133 (1955).........................................................9,18,21,29

Jewell Ridge Coad Corp. v. Local No. 6167, United Mine Workers
of American, 325 U.S. 897 (1945)..............................................................................17

Johnson v. Carroll, 369 F.3d 253 (3rd Cir. 2004).......................................................30

Jordan by Jordan v. Jackson, 15 F.3d 333 (4th Cir. 1994).........................................10

Laird v. Tatum, 409 U.S. 824 (1972).......................................................................17,26

Laurel Sand & Gravel, Inc. v. Wilson, 519 F.3d 156 (2008).........................................6

Lilijberg v. Health Services Acquisition Corp., 486 U.S. 847 (1988).........................26

Locascio v. U.S., 473 F.3d 493, 498 (2nd Cir. 2007).................................................24

Massachusetts v. Environmental Protection Agency, 127 S.Ct. 1438 (2007)..............3

Mathews v. Eldridge, 424 U.S. 319 (1976)................................................................11

Microsoft Corp. v. U.S., 530 U.S. 1301 (2000)..........................................................26

Middlesex County Ethics Comm. v. Garden State Bar Ass'n,
457 U.S. 423 (1982).....................................................................................................5,7

MLB v. SLJ, 519 U.S. 102 (1996)..............................................................................13

Moore v. Sims, 442 U.S. 415 (1979)............................................................................8

New Orleans Pub. Ser. Inc. v. Council of New Orleans, 491 U.S. 350 (1989)............7

Norfolk Southern Rwy. Co. v. McGraw, 71 Fed. Appx. 967 (4th Cir. 2003)
(unpublished).................................................................................................................8

Ohio Civil Rights Comm'n, 477 U.S. 619 (1986) ........................................................7

Patterson v. New York, 432 U.S. 197 (1977) ...........................................................12

Pennzoil Co. v. Texaco, Inc., 481 U.S. 1 (1987) ........................................................7

Rinaldi v. Yeager, 384 U.S. 305 (1966) .................................................................13

Rooker v. Fidelity Trust Co., 263 U.S. 413 (1983) ....................................................2

Rusu v. INS, 296 F.3d 316 (4th Cir. 2002).........................................................11,14

State of West Virginia v. U.S. Dept. of Health & Human Services,
289 F.3d 281 (4th Cir. 2002) ..............................................................................10

Taylor v. O'Grady, 888 F.2d 1189 (7th Cir. 1989)....................................................25

Tipton v. University of Hawaii, 15 F.3d 922 (9th Cir. 1994) ......................................10

Trainor v. Hernandez, 431 U.S. 434 (1977) .............................................................7

Trombley v. County of Cascade, Montana, 879 F.2d 866, (9th 1989)
(unpublished) ...................................................................................................6

Tumey v. State of Ohio, 273 U.S. 510 (1927) .............................................9,18,19,21,22,28,30

U.S. v. Feldman, 983 F.2d 144, 145 (9th Cir. 1992) .................................................22

U.S. v. Mitchell, 377 F.Supp. 1312 (D.D.C. 1974) ...................................................25

U.S. v. Professional Air Traffic Controllers Org., 527 F.Supp. 1344
(D.C. Ill. 1981)..................................................................................................26

U.S. v. Raines, 362 U.S. 17 (1960)........................................................................5

U.S. v. Salerno, 481 U.S. 739 (1987) ...........................................10,11,12,15,16,23

U.S. v. Story, 716 F.2d 1088 (6th 1983)................................................................25

U.S. v. Sypolt, 346 F.3d 838, 840 (8th Cir. 2003)...................................................31

Virginia Elec. and Power Co. v. Sun Shipbuilding and Dry Dock Co.,
539 F.2d 357 (4th Cir. 1976) ..............................................................................23

West v. Derby Unified School Dist No. 260, 206 F.3d 1358 (10th Cir. 2000) ...............10

White Tail Park, Inc. v. Stroube, 413 F.3d 451 (4th Cir. 2005) ..................................................3

Williams v. Anderson, 460 F.3d 789 (6th Cir. 2006) .................................................................21

Zinermon v. Burch, 494 U.S. 113 (1990) .................................................................11,12,14,23

## STATUTES

28 U.S.C. § 144....................................................................................................................24

28 U.S.C. § 455...................................................................................17,22,24,25,26

28 U.S.C. § 1257..................................................................................................................13

28 U.S.C. § 1292(b) .............................................................................................................3,6

28 U.S.C. § 1983...................................................................................................................7

## OTHER AUTHORITIES

U.S. Const. amend. XIV, § 1 ...............................................................................................11

W. Va. Code of Judicial Conduct, Canon 3(E)(1) .............................................................13,23

## RULES

M.C.R. 7.313........................................................................................................................16

W.Va. R. App. Pro. 29 .................................................................................................passim

|  |  |
|---|---|
| MASSEY ENERGY COMPANY, | ) |
| | ) |
| and | ) |
| | ) |
| MARFORK COAL COMPANY, INC., a | ) |
| Subsidiary of Massey Energy Company, | ) |
| | ) |
| Plaintiffs, | ) |
| | ) |
| v. | ) Civil Action No. 2:06-0614 |
| | ) (Judge Copenhaver) |
| | ) |
| SUPREME COURT OF APPEALS OF | ) |
| WEST VIRGINIA | ) |
| | ) |
| Defendant. | ) |
| | ) |
| | ) |

## THE SUPREME COURT OF APPEALS OF WEST VIRGINIA'S OPPOSITION TO PLAINTIFFS' MOTION FOR SUMMARY JUDGMENT AND CROSS-MOTION FOR SUMMARY JUDGMENT

NOW COMES Defendant, the Supreme Court of Appeals of West Virginia ("Defendant" or "the West Virginia Supreme Court"), by The Tinney Law Firm, PLLC, and hereby responds in opposition to "Plaintiffs' Motion for Summary Judgment" and states in support of its Cross-Motion for Summary Judgment as follows.

## INTRODUCTION

As previously discussed in Defendant's Motion to Dismiss, Plaintiffs' Complaint seemingly requested that this Court review previous recusal decisions of an individual Justice of the West Virginia Supreme Court. Recognizing that requesting such a review would likely result

in this Court dismissing their Complaint pursuant to the *Rooker-Feldman* Doctrine, Plaintiffs subsequently "clarified" that their Complaint "seek[s] review of the process by which recusal decisions are made [pursuant to Rule 29 of the West Virginia Rules of Civil Procedure]."[1] (Plaintiffs' Surreply to Defendant's Motion to Dismiss at 4). As Plaintiffs' Complaint contained approximately nineteen paragraphs addressing specific recusal decisions by Justice Larry Starcher, the Court felt it necessary to clarify that Plaintiffs' Complaint actually constituted a facial, constitutional challenge to Rule 29. (Sept. 21, 2007 Order at 5). Essentially, Plaintiffs have asserted that the process set forth in Rule 29 for the recusal of Justices of the West Virginia Supreme Court violates the Due Process Clause of the Fourteenth Amendment of the United States Constitution.

As demonstrated *infra*, Plaintiffs' cause of action and arguments set forth in their Memorandum in Support of Plaintiffs' Motion for Summary Judgment lack merit and, therefore, their Motion for Summary Judgment must be denied. Rather, the West Virginia Supreme Court is entitled to summary judgment for the following reasons: (1) Plaintiffs lack the standing necessary to bring this cause of action; (2) the *Younger* Abstention Doctrine is applicable to Plaintiffs' cause of action; and (3) Plaintiffs cannot prove that the recusal process set forth in Rule 29 is incapable of being constitutionally valid.

## ARGUMENT

### I. Plaintiffs have Failed to Meet Their Burden of Proof to Establish Standing

The Supreme Court has held that to establish standing a litigant must demonstrate that it has (1) suffered a concrete and particularized injury that is either actual or imminent; (2) that the injury is fairly traceable to the defendant; and (3) that it is likely that a favorable decision will

---

[1] Rooker v. Fidelity Trust Co., 263 U.S. 413 (1983); District of Columbia Court of Appeals v. Feldman, 460 U.S. 462 (1983).

redress that injury. <u>Massachusetts v. Environmental Protection Agency</u>, 127 S.Ct. 1438, 1453 (2007). Because standing is an "indispensible part of the plaintiff's case, each element must be supported in the same way as any other matter on which the plaintiff bears the burden of proof, i.e., with the manner and degree of evidence required at the successive stages of the litigation." <u>White Tail Park, Inc. v. Stroube</u>, 413 F.3d 451, 459 (4th Cir. 2005). As a result, when the litigation reaches the summary judgment stage, "the plaintiff can no longer rest on such 'mere allegations,' and must 'set forth' by affidavit or other evidence 'specific facts'" establishing standing. <u>Id</u>. at 459 (internal citation omitted).[2]

In support of their standing elements, Plaintiffs have alleged, with a supporting affidavit, that "because Plaintiffs will appear before the West Virginia Supreme Court in the near future, will need to file recusal motions in light of Justice Starcher's conduct, and will be again subject to Rule 29," their injury is imminent. (Plaintiffs' Memo. in Support of Plaintiffs' Mo. for Sum. Judg. at 20). Of course, Plaintiffs have repeatedly argued that they are not challenging Justice Starcher's individual decisions in the past and this Court has held that this case does not implicate the conduct of any individual Justice. *See* Defendant's Objection to Plaintiffs' Statement of Undisputed Material Facts. Therefore, Plaintiffs' injury, for the purposes of standing, must be derived solely from their argument that their rights to due process are violated by the fact that a recusal motion is heard by the Justice from whom recusal is sought in the first instance. It is also now apparent that, even if the Justice who was the target of a recusal motion

---

[2] In the interest of brevity, the West Virginia Supreme Court has not set forth in detail the issues regarding standing that were thoroughly addressed in "Defendant's Memorandum in Support of Motion to Dismiss the Complaint," "Defendant's Reply to Plaintiffs' Opposition to Defendant's Motion to Dismiss," "Petition for Permission to Appeal Under 28 U.S.C. § 1292(b)" and "Defendant's Reply Memorandum in Further Support of Motion for Certification Pursuant to 28 U.S.C. § 1292(b)." Instead, Defendant incorporates those arguments set forth in said pleadings by reference as though set forth verbatim herein.

granted the motion and recused himself or herself, Plaintiffs nevertheless maintain that their due process rights would be injured by the Justice's mere consideration of that motion.

The evidentiary support and argument now offered by Plaintiffs in their most recent iteration of their case is insufficient to establish standing on three grounds. First, their claimed injury is entirely hypothetical in that it requires this Court to assume that the Plaintiffs have or will suffer some deprivation of life, liberty or property as a result of a Justice's consideration of a recusal motion, even where the Justice grants their motion. The alleged injury arising from the procedure set forth in Rule 29 is no injury at all in such cases. One cannot reasonably argue that, where a Justice recuses himself or herself from a party's case on the basis of the party's own motion, the party has been deprived of due process and the appearance of justice. Second, the claimed injury requires this Court to predict the future and to assume that Justices of the Supreme Court of Appeals of West Virginia will violate their constitutional and ethical oaths in the future when presented with Plaintiffs' recusal motions, if further motions are filed. *See* Huffman v. Pursue, Ltd., 420 U.S. 592, 611 (1975) ("Appellee is in truth urging us to base a rule on the assumption that state judges will not be faithful to their constitutional responsibilities. This we refuse to do."); Aetna Life Ins. Co. v. Lavoie, 475 U.S. 813, 820 (1986); ("As blackstone put it, 'the law will not suppose a possibility of bias or favor in a judge, who is already sworn to administer impartial justice, and whose authority greatly depends upon that presumption and idea.'"). Again, such assumptions make the claimed injury hypothetical and not concrete. Finally, if one accepts the premise that Justices will always violate their oaths in the future, all other tribunals would suffer from the same defect, limiting the likelihood that any level of judicial review would redress Plaintiffs' claimed injury.

Alternatively stated:

> Courts will not assume future behavior for as-applied
> constitutional challenges-they exist only to redress existing
> violations. See, e. g., *United States v. Raines*, 362 U.S. 17, 80
> S.Ct. 519, 4 L.Ed.2d 524 (1960) (holding that courts are "never to
> anticipate a question of constitutional law in advance of the
> necessity of deciding it"). Thus, even though the Justices' future
> actions are eminently predictable, the Court simply cannot address
> an as-applied claim regarding constitutional violations that have
> yet to occur.

Fieger v. Ferry, 2007 WL 2827801 *4.

As such, Plaintiffs have failed to meet the necessary burden of proof to survive summary judgment on the issue of standing. As a result, in addition to the other reasons discussed herein, dismissal of this action is appropriate as Plaintiffs' lack the requisite standing to maintain the action.

## II.    Abstention Pursuant to the *Younger* Abstention Doctrine is Appropriate

Turning to abstention, Defendant directs the Court's attention to the Stipulation of Facts made by the parties and a number of misstatements of law made by Plaintiffs in their attempts to circumvent the abstention doctrine. As this Court is well aware, the *Younger* abstention doctrine holds that a federal court should abstain from interfering in a state proceeding, even though it may have jurisdiction to reach the merits, if there is (1) an ongoing state judicial proceeding, instituted prior to any substantial progress in the federal proceeding; that (2) implicated important, substantial, or vital state interests; and (3) provides an adequate opportunity for the plaintiff to raise the federal constitutional claim advanced in the federal lawsuit. Middlesex County Ethics Comm. v. Garden State Bar Ass'n, 457 U.S. 423, 432 (1982).[3]

---

[3] In the interest of brevity, the West Virginia Supreme Court has not set forth in detail the issues regarding the *Younger* Abstention Doctrine that were thoroughly addressed in "Defendant's Memorandum in Support of Motion to Dismiss the Complaint," "Defendant's Reply to Plaintiffs' Opposition to Defendant's Motion to Dismiss," "Petition for Permission to Appeal Under 28 U.S.C. § 1292(b)" and "Defendant's Reply Memorandum in Further Support of Motion for Certification Pursuant to 28 U.S.C. § 1292(b)." Instead, Defendant incorporates those arguments set forth in said pleadings by reference as though set forth verbatim herein.

## A.    There are Ongoing State Judicial Proceedings

As the parties have now stipulated, there are ongoing state judicial proceedings involving Plaintiffs.  Stipulation of Facts, ¶s. 3-9.  Plaintiffs attempt to sidestep this conclusion with three false premises.    First, Plaintiffs attempt to invoke a "large business" exception to the determination of whether there are ongoing state judicial proceedings for the purposes of *Younger* abstention analysis. (Plaintiffs' Memo. in Support of Plaintiffs' Mot. for Sum. Judg., at n. 11).   Such an exception is without foundation in law or in requirements of fundamental fairness to treat all litigants, regardless of their corporate size, equally under the law.

Second, Plaintiffs attempt to argue that because they seek only prospective relief, *Younger* abstention does not apply.  This argument is undermined by the very cases upon which Plaintiffs rely.  For example, the United Court of Appeals for the Fourth Circuit determined that, where a party sought attorney's fees and a declaration that an Act "as applied" violated their constitutional rights, such relief was not "wholly prospective."  Laurel Sand & Gravel, Inc. v. Wilson, 519 F.3d 156, 166 (2008) (determining that *Younger* abstention applied to facial challenge to constitutionality of Dewatering Act).[4]  Similarly, Plaintiffs are seeking attorneys' fees, costs, and a declaration that Rule 29 "as applied" is unconstitutional and, therefore, by the same reasoning the relief sought is not "wholly prospective." (Complaint, at Prayer for Relief.)

Finally, Plaintiffs make an argument that this Court has a duty to ignore the ongoing state proceedings and Plaintiffs' choice not to raise their constitutional arguments in state court because of the constitutional nature of their claims.  (Stipulation of Facts, ¶ 12).  Again, this argument is contradicted by the very cases upon which Plaintiffs rely.  For example, in Baffert v.

---

[4] Plaintiffs also string cite a number of cases which are not applicable to this case, such as Trombley v. County of Cascade, Montana, 879 F.2d 866, FN. 1 (9th 1989) (unpublished), without noting that the distinguishing factor in those cases was that there was no ongoing state proceeding in which to raise their constitutional claims.  Such is not the case in this action.

California Horse Racing Bd., which Plaintiffs cite as authority, the plaintiff made a similar argument that immediate federal review was necessary because the constitutionality of the state proceeding was at issue and application of abstention would undermine the purpose of 28 U.S.C. § 1983. Baffert, 332 F.3d 613, 618-619 (9th 2003). The Court summarily rejected this argument, finding that the Supreme Court has "repeatedly rejected the argument that a constitutional attack on state procedures themselves automatically vitiates the adequacy of those procedures for purposes of the *Younger-Huffman* line of cases." Id.; (quoting Ohio Civil Rights Comm'n, 477 U.S. 619, 628 (1986). Plaintiffs also cite the dissent of Hicks v. Miranda, a case in which the majority opinion found that, even where an intermediate state court had determined the challenged issue constitutional, the State Supreme Court could have been asked to pass on the constitutionality of the statute again, that state courts may change their minds, and that *Younger* abstention could not be avoided. Hicks, 422 U.S. 332, 350, FN. 18 (1975). This Court should conclude, as did the majority in Hicks, that the *Younger* abstention doctrine is applicable here.

### B. West Virginia has an Important State Interest in the Administration of Its Courts

The second *Younger* element addresses whether federal intervention in the administration of West Virginia's court implicates an important state interest. Plaintiffs instead turn to the merits of their claim. The United States Supreme Court has repeatedly recognized that "States have important interests in administering certain aspects of their judicial systems." Pennzoil Co. v. Texaco, Inc., 481 U.S. 1, 12-13 (1987); *see also* Middlesex Co. Ethics Comm. V. Garden State Bar Ass'n., 457 U.S. 423, 432 (1982); New Orleans Pub. Ser. Inc. v. Council of New Orleans, 491 U.S. 350, 367 (1989); Trainor v. Hernandez, 431 U.S. 434, 441 (1977), and Norfolk Southern Rwy. Co. v. McGraw, 71 Fed. Appx. 967, 970-971 (4th Cir. 2003) (unpublished).

**C. Plaintiffs' have an Adequate Opportunity to Raise Their Constitutional Claims**

The third prong of the *Younger* analysis asks whether the plaintiff has or had an "adequate" opportunity to raise its federal claims in the state proceedings. Communications Telesystems Int'n v. Cal. Pub. Utility Comm., 196 F.3d 1011, 1019 (9th 1999); (citing Moore v. Sims, 442 U.S. 415, 431 n. 12, (1979)). The federal issues need not have been litigated in state court and, in fact, the Supreme Court has stated that failure to raise federal claims in state proceedings favors *Younger* abstention. Id.; (citing Pennzoil, 481 U.S. at 15) ("[W]hen a litigant has not attempted to present his federal claims in related state court proceedings, a federal court should assume that state procedures will afford an adequate remedy, in the absence of unambiguous authority to the contrary."). *Younger* only requires the absence of procedural bars to raising such a federal claim. Id. at 1020. The plaintiff bears the burden of proving that state procedural law barred the presentation of its federal claims. Id.

As is clear from the record before this Court, Plaintiffs have never raised their federal claims in State Court. Defendant has stated that Rule 17, which provides for motion practice before the West Virginia Supreme Court, provides Plaintiffs with an adequate opportunity to do so. Further, Defendant has demonstrated that such motion practice has been used in the past to raise issues regarding recusal decisions by an individual Justice, as was done in Bagley v. Blankenship, 246 S.E.2d 99 (W.Va. 1978). Plaintiffs reliance on cases rejecting appellate review of issues controlling underlying circuit court cases are not "unambiguous authority" that federal claims on procedural issues (for which no circuit court record is necessary as a question of law) will not receive review by West Virginia's Supreme Court. As such, this Court should "assume that state procedures will afford an adequate remedy" and find that the third prong of the *Younger* standard is satisfied.

For the aforesaid reasons, all the necessary elements of the *Younger* Abstention Doctrine are met and, therefore, pursuant to *Younger*, this Court should abstain from hearing Plaintiffs' cause of action.

## III. Rule 29 of the West Virginia Rules of Appellate Procedure Comports with the Due Process Requirements of the Fourteenth Amendment of the United States Constitution

While contending that their claim constitutes a facial, constitutional challenge to Rule 29, Plaintiffs fail to address the relevant standard of review or case law applicable to such a procedural due process challenge. Curiously, Plaintiffs' arguments addresses the procedure for determining whether an individual Justice presiding over a proceeding is violative of a party's due process right to a fair trial in a fair tribunal. A determination of whether an individual Justice has a direct, personal, substantial, pecuniary interest in reaching a decision in a case over which he/she presides – which Plaintiffs' Memorandum undertakes – necessarily requires the consideration of circumstances and relationships exclusive to each recusal motion. Tumey v. State of Ohio, 273 U.S. 510, 523 (1927); In re Murchison, 349 U.S. 133, 136 (1955). Not only is such an argument wholly irrelevant to the matter at issue – whether Rule 29 fails to provide litigants process comporting with the Fourteenth Amendment – but also returns this matter full circle to the consideration of previous recusal decisions of the West Virginia Supreme Court, again necessitating the dismissal of Plaintiffs' cause of action pursuant to the *Rooker-Feldman* Doctrine. Perhaps Plaintiffs confusing arguments are designed to obfuscate the fact that the relevant precedent and single case to address the very issue before this Court, Fieger v. Ferry, 2007 WL 2827801, summarily rejected Plaintiffs' arguments.

## A. Standard of Review for Facial, Constitutional Challenges

As previously stated, Plaintiffs' Memorandum is devoid of the relevant standard of review applied to a facial, constitutional challenge to a law, rule or statute. Perhaps this failure is because the United States Supreme Court has declared, "A facial challenge to a legislative act is, of course, the most difficult challenge to mount successfully." State of West Virginia v. U.S. Dept. of Health & Human Services, 289 F.3d 281, 292 (4th Cir. 2002); (quoting U.S. v. Salerno, 481 U.S. 739, 745 (1987)). To successfully assert a facial, constitutional challenge to a law, rule or statute, a party must demonstrate that **absolutely no** set of circumstances exist under which the law, rule or statute can operate constitutionally. Id.[5] While it is possible under certain circumstances a law, rule or statute may operate in a manner that may be constitutionally suspect, "the mere possibility of a constitutional violation is insufficient to sustain a facial challenge to a statute." State of West Virginia, 289 F.3d at 292. As the Supreme Court stated, "The fact that the ... Act might operate unconstitutionally under some conceivable set of circumstances is insufficient to render it wholly invalid, since we have not recognized an 'overbreadth' doctrine outside the limited context of the First Amendment." Salerno, 481 U.S. at 745. Thus, under the applicable standard of review, in order to assert a successful facial, constitutional challenge to Rule 29, Plaintiffs must demonstrate "**under no set of circumstances can the recusal procedure itself be constitutionally valid.**" Fieger, 2007 WL 2827801 *6 (emphasis added). This is standard that Plaintiffs simply cannot meet.

---

[5] See also, City of New York v. U.S. 179 F.3d 29 (2nd Cir. 1999); Hohe v. Casey, 956 F.2d 399 (3rd Cir. 1992); Jordan by Jordan v. Jackson, 15 F.3d 333 (4th Cir. 1994); Center for Individual Freedom v. Carmouche, 449 F.3d 655 (5th Cir. 2006); Garcia v. Wyeth-Ayerst Laboratories, 385 F.3d 961 (6th Cir. 2004); Tipton v. University of Hawaii, 15 F.3d 922 (9th Cir. 1994); West v. Derby Unified School Dist No. 260, 206 F.3d 1358 (10th Cir. 2000); Horton v. City of St. Augustine, Fla, 272 F.3d 1318 (11th Cir. 2001); Eastern Paralyzed Veterans Ass'n, Inc. v. Secretary of Veterans Affairs, 257 F.3d 1352 (Fed Cir. 2001).

**B.    The Due Process Clause**

The Due Process Clause of the Fourteenth Amendment of the United States Constitution prohibits states from depriving "any person of life, liberty, or property without due process of law." U.S. Const. Amend XIV, § 1.  The Due Process Clause provides citizens with the right to substantive due process and procedural due process.  Salerno, 481 U.S. at 746.  Substantive due process "prevents the government from engaging in conduct that 'shocks the conscience,' ...or interferes with rights 'implicit in the concept of ordered liberty.'" Id. (internal citations omitted). Procedural due process, the matter at issue in this case, requires that the deprivation by state action of a constitutionally protected interest in life, liberty, or property, even if consistent with substantive due process, be implemented in a fair manner.  Id.; Zinermon v. Burch, 494 U.S. 113, 125-126 (1990).

**C.    Procedural Due Process Claims**

The key to a procedural due process claim is the determination of whether the process provided by the statute, law or rule in question, provides the fundamental requirements of the Due Process Clause.  The Supreme Court has identified the fundamental requirements as "the opportunity to be heard 'at a meaningful time and in a meaningful manner.'"  City of Los Angeles v. David, 538 U.S. 715, 717 (2003); (quoting Mathews v. Eldridge, 424 U.S. 319, 333 (1976).  See also, Rusu v. INS, 296 F.3d 316 (4th Cir. 2002), stating:

> In assessing whether a deportation or asylum hearing has comported with due process, we are guided by the principles of *Mathews v. Eldridge*, 424 U.S. 319, 333, 96 S.Ct. 893, 47 Led.2d 18 (1976), in which the Court recognized that "[t]he fundamental requirement of due process is the opportunity to be heard at a meaningful time and in a meaningful manner."

Rusu, 296 F.3d at 321; (quoting, in part, Mathews, 424 U.S. at 333).

The United States District Court for the Eastern District of Michigan, while considering a procedural due process claim against the judicial recusal procedures utilized by the Michigan Supreme Court, stated:

> To determine whether a constitutional violation has occurred in procedural due process claims, "it is necessary to ask what process the State provided, and whether it was constitutionally adequate. This inquiry ... examine[s] the procedural safeguards built into the statutory or administrative procedure of effecting the deprivation, and any remedies for erroneous deprivation provided by statute or tort."

Fieger, 2007 WL 2827801 *5; (quoting, in part, Zinermon, 494 U.S. at 126). Thus, the determination of whether the process provided by Rule 29 violates the Due Process Clause requires the Court to determine whether under absolutely no set of circumstances Rule 29 provides litigants with the opportunity to be heard at a meaningful time and in a meaningful manner. Salerno, 481 U.S. at 745; Fieger, 2007 WL 2827801 *5-6; David, 538 U.S. at 717.

### D.  Rule 29 of the West Virginia Rules of Appellate Procedure

The United States Supreme Court has determined that the Due Process Clause does not require a state to implement a specific procedure by which a litigant can move to recuse or disqualify a judge. Specifically, the Supreme Court stated:

> [I]t is normally within the power of the State to regulate procedures under which its laws are carried out ... and its decision in this regard is not subject to proscription under the Due Process Clause unless it offends some principle of justice so rooted in the traditions and conscience of our people as to be ranked as fundamental.

Lavoie, 475 U.S. at 821; (quoting Patterson v. New York, 432 U.S. 197 (1977)); Fieger, 2007 WL 2827801 *6; See also, Bracy v. Gramley, 520 U.S. 899, 904 (1997) (holding that the Due Process Clause does not create a uniform standard for the recusal of Justices). As such, all Rule

29 of the West Virginia Rules of Appellate Procedure must do is provide sufficient process to comply with the fundamental requirements of the Due Process Clause. It clearly does so.

Rule 29 permits a party to file a motion to recuse a Justice of the West Virginia Supreme Court. The litigant seeking the recusal is required to provide the facts and reasons for disqualification, including the specific provision of Canon 3(E)(1) of the Code of Judicial Conduct asserted to be applicable. W.Va. R. App. Pro. 29.[6] The motion is then heard by the Justice to whom the recusal motion is directed. Thereafter, the Justice promptly notifies the Clerk of the Supreme Court of his or her decision and the Clerk disseminates the information to the litigants and the other Justices. The decision can be written, but a written decision is not required. If the Justice does disqualify himself or herself, then Rule 29 provides a methodology to seat a replacement Justice for purpose of presiding over the matter from which the Justice has been disqualified. W.Va. R. App. Pro. 29.

Rule 29 does not provide a specific means by which to appeal the Justice's recusal decision; however, a litigant is provided the opportunity to seek appellate review.[7] Pursuant to 28 U.S.C. § 1257, a litigant dissatisfied with the decision rendered regarding a recusal motion

---

[6] Canon 3(E)(1) of the Code of Judicial Conduct provides: (1) A judge shall disqualify himself or herself in a proceeding in which the judge's impartiality might reasonably be questioned, including but not limited to instances where: (a) the judge has a personal bias or prejudice concerning a party or a party's lawyer, or personal knowledge of disputed evidentiary facts concerning the proceeding; (b) the judge served as a lawyer in the matter in controversy, or a lawyer with whom the judge previously practiced law served during such association as a lawyer concerning the matter, or the judge has been a material witness concerning it; (c) the judge knows that he or she, individually or as a fiduciary, or the judge's spouse, parent or child wherever residing, or any other member of the judge's family residing in the judge's household, has an economic interest in the subject matter in controversy or in a party to the proceeding or has any other more than de minimis interest that could be substantially affected by the proceeding; (d) the judge or the judge's spouse, or a person within the third degree of relationship to either of them, or the spouse of such a person: (i) is a party to the proceeding, or an officer, director or trustee, of a party; (ii) is acting as a lawyer in the proceeding; (iii) is known by the judge to have a more than de minimis interest that could be substantially affected by the proceeding; (iv) is to the judge's knowledge likely to be a material witness in the proceeding.

[7] The United States Supreme Court has never held that a state is required to establish avenues for appellate review. MLB v. SLJ, 519 U.S. 102, 120 (1996); Rinaldi v. Yeager, 384 U.S. 305, 210 (1966).

may seek review by the United States Supreme Court. For example, in <u>Lavoie</u>, an insurance company sought review of the participation of a Justice of the Alabama Supreme Court in a case in which the insurance company had moved to disqualify the Justice because of an alleged interest in the outcome. The Supreme Court vacated the decision of the Alabama Supreme Court. The Court found that the participation of a Justice who had a direct, personal, substantial and pecuniary interest in the case – the case over which he presided resulted in the Justice receiving a settlement in a substantially similar proceeding he had personally filed -- constituted a violation of due process. <u>Lavoie</u>, 475 U.S. at 824. Further, a litigant's right to seek appellate review of a recusal decision is further evidenced by the petition for writ of certiorari filed in *Hugh M. Caperton, Harman Development Corp., Harman Mining Corp., and Sovereign Coal Sales, Inc. v. A.T Massey Coal Co., Inc. et al.,* by Mr. Caperton regarding the decision of a Justice of the West Virginia Supreme to preside over and render a verdict in Mr. Caperton's case.[8] See, Exhibit A (Appendix excluded).

Rule 29 provides a mechanism and a forum for: (1) raising issues of disqualification and/or recusal; (2) identifying the facts and reasons for disqualification and/or recusal; and (3) the admission of supportive evidence. Finally, pursuant to 28 U.S.C. § 1257, there is recourse "for erroneous deprivations provided by statute ...." <u>Zinermon</u>, 494 U.S. at 815. A litigant dissatisfied with a disqualification or recusal decision may seek appellate review before the United States Supreme Court. As such, Rule 29 provides litigants the opportunity to be heard at a meaningful time and in a meaningful manner. <u>David</u>, 538 U.S. at 717; <u>Rusu</u>, 296 F.3d at 321. Consequently, the process provided by Rule 29 comports with fundamental requirements of the Due Process Clause.

---

[8] Massey Energy Company, as a party to the *Harmon* Case, is well aware that a litigant can seek appellate review of a recusal decision issued pursuant to Rule 29.

Moreover, to successfully challenge the constitutionality of Rule 29, Plaintiffs must demonstrate that under **no** set of circumstances can the Rule's recusal procedure be constitutionally valid. Fieger, 2007 WL 2827801 *6; Salerno, 481 U.S. at 745. The fact that Rule 29 may have operated in a manner that may be perceived as unconstitutional in the past or might operate in an unconstitutional manner under some circumstances is simply insufficient to sustain a facial, constitutional challenge. Id. At an absolute minimum, Rule 29 operates in a constitutional manner under some circumstances and, therefore, this Court must deny Plaintiffs' Motion for Summary Judgment.[9] Further, pursuant to the relevant precedent, this Court should grant summary judgment in favor of the West Virginia Supreme Court because there is no genuine issue of material fact regarding the constitutionality of Rule 29.

## E. Upholding the Constitutionality of Rule 29 Comports with Relevant Law

### 1. The Supreme Court of Michigan

In Fieger, the United States District Court for the Eastern District of Michigan addressed a matter substantially similar to the matter before this Court and, in so doing, provided guidance on the manner in which this case should be resolved. Id., 2007 WL 2827801. As this Court is aware, Fieger has a long and complicated history. In Fieger, the plaintiff filed suit "alleging that the Justices [of the Michigan Supreme Court] deprived him of his constitutional rights by expressing 'public, personal, political and professional animus' toward him while refusing to recuse themselves from cases in which he was involved, and by actively pursuing disciplinary proceedings against him before the Attorney Grievance Commission." Id. at *1. However, after the United States Court of Appeals for the Sixth Circuit dismissed all of the plaintiff's claims that required the review of past recusal decisions of the Michigan Supreme Court pursuant to the

---

[9] Exhibit B is an example of an instance where a Justice of the West Virginia Supreme Court recused himself pursuant to a motion filed under Rule 29. This demonstrates, under some circumstances, the procedure dictated by Rule 29 results in a recusal of a Justice.

*Rooker-Feldman* Doctrine, the sole question to be resolved by the District Court was whether, on its face, the Michigan Supreme Court's recusal procedure provided adequate procedural safeguards to ensure that an interested party's due process rights to a hearing before a fair tribunal are protected. Id. at *4.

The Michigan Supreme Court's recusal procedure is set-forth in Section 7.313 of the Michigan Court Rules. Under Section 7.313, a party may file a motion stating the grounds for disqualification and provide evidence to support those grounds. "Once the recusal motion is received, the individual Justice the party seeks to disqualify, decides, almost exclusively without stating a reason, whether he or she can decide a matter impartially." Fieger, 2007 WL 2827801 *5. Section 7.313 provides no review by any other member of the Michigan Supreme Court or any other Michigan State institution; however, a litigant is free to seek review by the United States Supreme Court.

The District Court examined Section 7.313 under the applicable standards. First, the District Court found that the plaintiff had to demonstrate that under no set of circumstances would Section 7.313 be constitutionally valid. Id.; (quoting Salerno, 481 U.S. at 745). Next, the District Court found that for the procedure provided by Section 7.313 to be constitutional, Section 7.313 must only provide litigants seeking the recusal of a Justice with the opportunity to be heard at a meaningful time and in a meaningful manner. Fieger, 2007 WL 2827801 *6; (quoting David 538 U.S. at 717). After examining the procedure provided by Section 7.313 and applying the aforesaid relevant law, the District Court found that the plaintiff "cannot prove that the recusal process utilized by the [Michigan Supreme Court] Justices is incapable of being constitutionally valid." Fieger, 2007 WL 2827801 *6.

## 2. <u>United States Supreme Court</u>

A motion to disqualify a Justice of the United States Supreme Court is filed with the Justice sought be disqualified pursuant to 28 U.S.C. § 455. Under the Supreme Court's recusal process, it is "the responsibility of each Justice to determine for himself the propriety of withdrawing in any particular circumstances." <u>Jewell Ridge Coad Corp. v. Local No. 6167, United Mine Workers of American</u>, 325 U.S. 897 (1945). See also, <u>Laird v. Tatum</u>, 409 U.S. 824 (1972); <u>Cheney v. US District Court for the District of Columbia</u>, 541 U.S. 913 (2004). Further, although there have been occasions when a Supreme Court Justice provided a written opinion addressing his/her disqualification, the Supreme Court has made clear that no such opinion is required, desirable or even appropriate. <u>Laird</u>, 409 U.S. at 824. Further, the process applied by the United States Supreme Court allows for absolutely no review of the disqualification motion by any Justice beyond the Justice whose recusal is sought. In fact, the process applied by the United States Supreme Court for the recusal of a Justice allows for less process than the process allowable under Rule 29 because, unlike a disqualification decision rendered under Rule 29, a disqualification decision rendered under the United States Supreme Court's procedure cannot be reviewed by any higher court. Nevertheless, the United Supreme Court has never questioned the constitutionality of the process provided by the Court to parties seeking the disqualification of a Justice. Presumably, the Supreme Court believes that its procedure complies with the fundamental requirements of due process. As Rule 29 allows for more process than the United States Supreme Court permits – the possibility of an appeal to a higher court –Rule 29 is constitutional.

For the aforesaid reasons, Rule 29 is constitutional and Plaintiffs' Motion for Summary Judgment must be denied. Further, pursuant to the relevant precedent, this Court should grant

the West Virginia Supreme Court summary judgment because there is no genuine issue of material fact regarding the constitutionality of Rule 29.

## IV. Plaintiffs' Constitutional Arguments Lack Merit

As previously discussed, Plaintiffs' constitutional arguments erroneously address whether a Justice has a direct, personal, substantial, pecuniary interest in a case over which the Justice is presiding. Tumey, 273 U.S. at 523. Such a determination necessarily requires consideration of the circumstances and relationships surrounding each individual case. In re Murchison, 349 U.S. at 136. Without looking at the particulars of a case – the parties and the interests at stake – one cannot determine whether due process requires the recusal of a particular Justice. Further, there is simply no way for one to make a single determination about Rule 29 through the interest based evaluation proffered by Plaintiffs – as such a determination changes as the parties and the justice at issue change.

Not only have Plaintiffs utilized the wrong methodology to determine whether Rule 29 withstands their facial, constitutional challenge to the process provided by the Rule but, in addition, Plaintiffs mis-state the applicable law to determine when a Justice must disqualify himself or herself from a particular case. Plaintiffs' argument is wholly based upon their cavalier assertion, with absolutely no legal support, that a motion to recuse constitutes its own proceeding and that the interest to be measured for purposes of due process considerations is the Justice's alleged interest in the motion to recuse and not the underlying proceeding. Based upon this legal fiction, Plaintiffs assert that a Justice against whom a recusal motion has been filed cannot consider the motion because a recusal motion relates to a Justice's actions or inactions and, therefore, allows a Justice to rule upon a proceeding in which he or she has an interest and permits the judge to preside over his or her own proceeding. Perhaps this unsupported, "hail

mary" argument is designed to obfuscate the fact that Plaintiffs, despite devoting approximately 13 pages of their Memorandum to the due process issue, failed to address the proper methodology for determining the validity of a constitutional, facial challenge to the process provided to a party by the applicable rule. Nevertheless, as demonstrated *infra*, Plaintiffs' legal fiction and assertion that Rule 29 is violative of the Due Process Clause of the Fourteenth Amendment crumbles under the weight of legal precedent.

A.    **Alleged Bias of a Justice Does Not Rise to the Level of a Constitutional Question**

The United States Supreme Court has considered the application of the Due Process Clause on several occasions. In so doing, the Supreme Court has made clear that "most questions concerning a judge's qualifications to hear a case are not constitutional ones because the Due Process Clause of the Fourteenth Amendment establishes a constitutional floor, not a uniform standard." Bracy, 520 U.S. at 904; (referencing Lavoie, 475 U.S. at 828). "Thus matters of kinship, personal bias, state policy, remoteness of interest would seem generally to be matters of legislative discretion." Tumey, 273 U.S. at 523. Further, the Supreme Court held:

> [T]he traditional common-law rule was that disqualification for bias or prejudice was not permitted. As blackstone put it, "the law will not suppose a possibility of bias or favor in a judge, who is already sworn to administer impartial justice, and whose authority greatly depends upon that presumption and idea." The more recent trend has been towards the adoption of statutes that permit disqualification for bias or prejudice…. **But that alone would not be sufficient basis for imposing a constitutional requirement under the Due Process Clause.**

Lavoie, 475 U.S. at 820 (internal citations omitted) (emphasis added). Instead, these issues are normally answered by the common law, statutes or professional standards of the state at issue. Bracy, 520 U.S. at 904. As such, a Justice's failure to recuse himself or herself may constitute a

violation of a state rule, statute, common law or professional rule, while not running afoul of the Due Process Clause.

Plaintiffs' argue that their challenge to Rule 29 is premised upon an assertion that the Rule allows a Justice who has an interest in the proceeding to preside over a recusal motion and not that the Rule permits a Justice who is allegedly biased against a litigant to preside over the proceeding. (Plaintiffs' Memorandum in Support of Plaintiffs' Motion for Summary Judgment at 14). However, as Plaintiffs continue to list the alleged conduct of a Justice of the West Virginia Supreme Court in their pleadings, which they assert constitutes evidence of that Justice's bias against Plaintiffs, it is important for the Court to note any such alleged bias is insufficient to rise to the level of constitutional violation. The Supreme Court has made clear that a Justice presiding over a case involving a party against whom he or she is allegedly biased may constitute a violation of applicable rules, statutes or professional standards, while posing no due process violation. Bracy, 520 U.S. at 904; Lavoie, 475 U.S. at 820;[10] Baker v. Miller, 75 F.Supp.2d 919, 924 (N.D. Ind. 1999). As such, to the extent that Plaintiffs' allege that Rule 29 is violative of Due Process because it allows a Justice who is allegedly biased against a party to a proceeding over which the Justice is presiding, Plaintiffs' claim lacks merit.

### B. To Determine if a Justice has an Interest in a Proceeding Constitutionally Requiring his Recusal, One Examines the Justice's Interest in the Underlying Proceeding from which His or Her Recusal was Sought

While clearly recognizing that not all issues of judicial qualifications raise constitutional questions, the Supreme Court has found it "violates the Fourteenth Amendment and deprives a defendant in a criminal case of due process of law to subject his liberty or property interest to the

---

[10] In Lavoie, the Supreme Court stated that only in the most extreme cases of bias or prejudice could disqualification of a Justice be constitutionally required. Id. 475 U.S. at 820. However, in Lavoie, the Supreme Court refused to find that the constitution required the recusal of a Justice that, by all accounts, was biased against a litigant; instead, the Supreme Court found the Justice's participation unconstitutional because the Justice had a direct, personal, substantial and pecuniary interest in the outcome of the proceeding. Id. at 824.

judgment of a court, the judge of which has a direct, personal, substantial pecuniary interest in reaching a conclusion against him in his case." Tumey, 273 U.S. at 523. The floor established by the Due Process Clause merely requires "a fair trial in a fair tribunal, ... before a judge with no actual bias against the defendant or interest in the outcome of his particular case." Bracy, 520 U.S. at 904-905 (internal citations omitted). The Due Process Clause prohibits a defendant from being tried before a judge whose "substantial" and "direct" interests may be furthered by the outcome of the trial over which he/she presides. Williams v. Anderson, 460 F.3d 789, 813 (6th Cir. 2006); (referencing Lavoie, 475 U.S. at 824). Further, the Supreme Court has opined that a determination of whether this "substantial" and "direct" interest exists requires an examination of the circumstances and relationships at issue in each individual case. In re Murchison, 349 U.S. at 136.

Plaintiffs contend that two separate proceedings – the underlying case in which recusal is sought and the recusal motion itself – are implicated by Rule 29. Essentially, Plaintiffs argue that this Court must examine the recusal motion – as a stand-alone proceeding – to determine whether Rule 29 requires a Justice to preside over a case in which he or she has an interest. In fact, Plaintiffs go so far as to assert that "it is absolutely clear that the [recusal motion] is [the Justice's] 'case,' 'quarrel,' or 'cause,' as those terms are understood in the federal case law, and that [the Justice] has 'an interest in the outcome.'" (Plaintiffs' Memo. in Support of Plaintiffs' Mot. for Sum. Judg. at 9-10). As Plaintiffs boldly state that it is "absolutely clear," one would expect there to be citations to numerous opinions and decisions supporting Plaintiffs' assertion; however, there is not a single case cite following this emphatic statement. In fact, an examination of the approximately 71 cases cited by Plaintiffs reveals not a single case that supports this novel position. Each case cited in Plaintiffs' Memorandum reviewing whether a

Justice had an interest in a proceeding such that recusal was constitutionally required examines **the underlying case** from which the Justice's recusal was sought as the relevant proceeding. See, Lavoie, 475 U.S. at 824-815 (holding that because a Justice of the Alabama Supreme Court's own civil proceeding was affected by his decision in the underlying proceeding – the Justice received a $30,000.00 settlement – that the Justice had a direct, personal, substantial pecuniary interest in presiding over the underlying proceeding); and Tumey 273 U.S. at 523 (holding that a mayor that sat in judgment over alleged violations of a liquor regulation had a direct, personal substantial pecuniary interest in the underlying proceeding because the mayor only received compensation for sitting as a judge when finding the defendant guilty).[11]

### 1.    Defining "Proceeding" for Purposes of Recusal Motions

Although the definition of "proceeding" has not been specifically addressed in the context of determining whether a Justice has an interest in a proceeding violative of the Due Process Clause, primarily because the fact that the "proceeding" at issue is the underlying proceeding from which the Justice's recusal is sought is self-evident, it has been addressed in the context of the primary federal recusal statute – 28 U.S.C. § 455.  Pursuant to 28 U.S.C. § 455(d)(1), a proceeding is a matter encompassing "pretrial, trial, appellate review,  or other stages of the litigation." U.S. v. Feldman, 983 F.2d 144, 145 (9th Cir. 1992).

In Feldman, the United States Court of Appeals for the Ninth Circuit was asked to consider whether a judge could recuse himself or herself from a portion of the proceeding.  The Ninth Circuit rejected the concept of a partial recusal from a proceeding and found that a Justice must recuse himself or herself from the **whole** proceeding.  Id.  Clearly, the Ninth Circuit's

---

[11] In the interest of brevity, the West Virginia Supreme Court will not list all cases cited by Plaintiffs; however, a review of those case makes clear that Plaintiffs have no support for the proposition that a court examines the recusal motion – as its own proceeding – to determine whether a Justice has an interest constitutionally requiring his or her recusal.

interpretation of the "proceeding" indicates that the term is comprehensive in nature and would be comparable to the term "litigation." The term "proceeding," when used in the context of a recusal motion, encompasses each phase of a litigation – pretrial, trial, appellate review and remand – and the subparts of these phases of the litigation. These phases and subparts constitute a part of a single whole proceeding or litigation and not several separate proceedings or litigations. Consequently, when the recusal of a Justice is sought, the Justice must determine whether he or she has an interest in the proceeding – the underlying litigation between the adverse parties – and not a subpart of a phase of the proceeding – a recusal motion. For example, see Virginia Elec. and Power Co. v. Sun Shipbuilding and Dry Dock Co., 539 F.2d 357, 366 (4th Cir. 1976) (holding that to determine whether a judge has an interest necessitating his/her recusal, the judge must examine the subject matter of the controversy between the litigants).

## 2. No Due Process Rights are Implicated by a Standalone Recusal Motion

If a motion to recuse constitutes a "proceeding" wholly separate from the underlying proceeding from which a Justice's recusal is sought, as Plaintiffs contend, then their facial, constitutional challenge to the process provided by Rule 29 must fail because Plaintiffs cannot demonstrate a due process interest solely in a recusal motion. As previously stated, the Due Process Clause to the Fourteenth Amendment to the United States Constitution prohibits states from depriving "any person of life, liberty, or property without due process of law." U.S. Const. Amend XIV, § 1. Procedural due process, the matter at issue in this case, requires that the deprivation by state action of a constitutionally protected interest in life, liberty, or property, even if consistent with substantive due process, be implemented in a fair manner. Salerno, 481 U.S. at 746.; Zinermon, 494 U.S. at 125-126. Thus, to demonstrate that a statue, law or rule is

violative of the Due Process Clause, one must first establish that a due process interest is affected by the statute, law or rule. Plaintiffs cannot demonstrate the existence of a life, liberty or property interest in a recusal motion. If one examined the underlying proceeding, as required by precedent, to determine whether a Justice had an interest requiring his or her recusal, then Plaintiffs could establish that Rule 29 implicates their due process rights; however, a recusal motion divorced from the underlying proceeding from which a Justice's recusal is sought simply does not and cannot implicate any due process right.

3. **Plaintiffs' Interpretation of the Relevant Interest for the Determination of Whether a Justice is Constitutionally Required to Recuse Himself or Herself Runs Afoul of the Recusal Statutes, Laws and Rules of the Vast Majority of Jurisdictions**

Plaintiffs contend that several jurisdictions have codified recusal rules that comply with Plaintiffs' tortured interpretation of procedural due process requirements, which precludes a Justice, whose recusal is sought, from rendering any determination regarding the merits of the recusal motion – even if such determination is reviewable. In support of this position, Plaintiffs direct the Court to the manner in which federal courts treat disqualification motions. Specifically, Plaintiffs direct this Court to 28 U.S.C. § 144, which is solely applicable to district court judges.[12] However, as this Court is aware, 28 U.S.C. § 455 is the primary federal recusal statute as it is applicable to any "justice, judge, or magistrate judge of the United States."

United States Code Title 28 Section 455(a) provides, "Any justice, judge, or magistrate judge of the United States shall disqualify himself in any proceeding in which his impartiality might reasonably be questioned." Further, 28 U.S.C. § 455(b) provides, in part, that a Justice,

---

[12] Even when a motion to recuse a judge is filed pursuant to 28 U.S.C. § 144, the judge against whom recusal is sought makes the initial determination of whether the affidavit filed satisfies the standard for recusal under Section 144. If the judge determines that the affidavit does not comply with 28 U.S.C § 144, then he is under no obligation to refer the matter to a different judge to determine the validity of the recusal motion. Locascio v. U.S., 473 F.3d 493, 498 (2nd Cir. 2007). Thus, under Plaintiffs erroneous interpretation of the requirements of the Due Process Clause, 28 U.S.C. § 144 would be violative of the Due Process Clause because the judge against whom the recusal motion is filed makes the initial determination of the sufficiency of the affidavit filed in support of the motion.

judge or magistrate judge of the United States "shall also disqualify himself in the following circumstances ...." Clearly, the plain text of the Section 455 establishes that a Justice whose recusal is sought reviews the recusal motion and then renders a judgment as to the validity of the recusal motion. In addition to Section 455's unambiguous clear language, the "case law interpreting [28 U.S.C. § 455] requires that the movant first present a motion for recusal to the judge whose impartiality is at issue." Clay v. Brown, Hopkins & Stambauch, 892 F.Supp. 11, 13 (D.D.C. 1995). Concurring with this assessment, the United States Court of Appeals for the Fourth Circuit stated that 28 U.S.C. § 455 is "self-enforcing and self-executing." Aronson v. Brown, 14 F.3d 1578, 1582 (4th Cir. 1994). See also, Taylor v. O'Grady, 888 F.2d 1189, 1200 (7th Cir. 1989) (holding that "[r]ecusal under Section 455 is self-executing...."); U.S. v. Story, 716 F.2d 1088, 1091 (6th 1983) (holding that "section 455 is self executing...."); Davis v. Bd. of School Com'rs of Mobile County, 517 F.2d 1044, 1051 (5th Cir. 1975) (holding that Section 455 "is self-enforcing on the part of the judge.").

In addition to noting that 28 U.S.C. § 455 is self-enforcing, several federal courts have discussed the importance of permitting the Justice whose recusal is sought to initially address the recusal motion. For example, the United States District Court for the District of Columbia stated:

> A judge challenged under these statutes ought to be willing to shoulder the responsibility of ruling in the matter. Only the individual judge knows fully his own thoughts and feelings and the complete context of facts alleged. It follows that only he can be certain of the most equitable resolution.

U.S. v. Mitchell, 377 F.Supp. 1312, 1315 (D.D.C. 1974). The District Court also found that "recusal is a highly personal decision. The judge must assess the truth of the facts alleged and determine if they would impeach his impartiality or appearance of impartiality." Clay, 892

F.Supp. at 13.  Concurring with this position, the United States Court of Appeals for the Third

Circuit opined that judges are in the best position to resolve motions for disqualification because

the judge is in the best position to appreciate the circumstances surrounding the allegations

allegedly necessitating recusal.  In re Kensington Intern. Ltd., 353 F.3d 211, 224 (3rd Cir. 2003);

(quoting In re Drexel Burnham Lambert Inc., 861 F.2d 1307, 1312 (2d Cir.1988)).  See also,

U.S. v. Professional Air Traffic Controllers Org., 527 F.Supp. 1344, 1351 (D.C. Ill. 1981).

Over the years, 28 U.S.C. § 455 has been the subject of review by all levels of the federal

court system.  The United States Supreme Court has reviewed, analyzed and discussed 28 U.S.C.

§ 455 on numerous occasions and not once has it found or even hinted that the statute was in

anyway violative of a litigant's due process rights.  See, Cheney, 541 U.S. 913 (in which Justice

Scalia solely rendered judgment regarding a recusal motion seeking his recusal); Laird, 409 U.S.

824 (in which former Chief Justice Rehnquist solely rendered judgment regarding a recusal

motion seeking his recusal); Microsoft Corp. v. U.S., 530 U.S. 1301 (2000); Liljberg v. Health

Services Acquisition Corp., 486 U.S. 847 (1988).  If 28 U.S.C. § 455 does not violate the Due

Process Clause by requiring a federal justice, judge or magistrate to preside over and render

judgment regarding the validity of a recusal motion seeking his/her recusal, then it necessarily

follows that Rule 29 of the West Virginia Rules of Appellate Procedure – placing the identical

requirements on a Justice of the West Virginia Supreme Court – does not violate the Due Process

Clause.[13]

Not only does Plaintiffs' erroneous argument that it violates the Due Process Clause for a

justice or judge to render judgment regarding the validity of a recusal motion filed against him or

her conflict with 28 U.S.C. § 455, but, in addition, it conflicts with the recusal laws of the vast

---

[13] As discussed in Part I(E)(1) of the Opposition, the United States Supreme Court's recusal procedures provide less process than Rule 29 of the West Virginia Rules of Appellate Procedure because, unlike under Rule 29, a litigant has no appellate review of a United States Supreme Court Justice's recusal ruling.

majority of the states.  In fact, in the majority of states, the decision of whether to grant or deny a

motion to recuse is within the sound discretion of the challenged judge or justice.  For example,

see:

> Mo.Ann.Stat. § 508.090-508.140 (Vernon Supp.1993); IDAHO
> R.CIV.P. 40(d), IDAHO R.CRIM.P. 25(b); OKLA.DIST.R. 15;
> Wyo.R.Civ.P. 40.1; Ex parte Rollins, 495 So.2d 636, 637
> (Ala.1986); Matthews v. State, 854 S.W.2d 339, 341 (Ark.1993);
> Los v. Los, 595 A.2d 381, 385 (Del.1991); Sivak v. State, 731 P.2d
> 192, 201 (Idaho 1986); Smith v. State, 477 N.E.2d 857, 864
> (Ind.1985); Poorman v. Commonwealth, 782 S.W.2d 603, 605-06
> (Ky.1989), cert. denied, 497 U.S. 1008 (1990); Estate of Tingley,
> 610 A.2d 266, 267 (Me.1992); Jefferson-El v. State, 622 A.2d 737,
> 741 (Md.1993); Haddad v. Gonzalez, 576 N.E.2d 658, 663
> (Mass.1991); Collins v. Joshi, 611 So.2d 898, 901 (Miss.1992);
> State ex rel. Wesolich v. Goeke, 794 S.W.2d 692, 695
> (Mo.Ct.App.1990); State v. Richter, 485 N.W.2d 201, 205
> (Neb.1992); State v. Linsky, 379 A.2d 813, 823-24 (N.H.1977);
> Magill v. Casel, 568 A.2d 1221, 1224
> (N.J.Super.Ct.App.Div.1990); State v. Hernandez, 846 P.2d 312,
> 326 (N.M.1993); Anjam v. Anjam, 594 N.Y.S.2d 822, 823-24
> (N.Y.App.Div.1993); Cicchini v. Blackwell, 127 Fed. Appx. 187,
> 191 (6th Cir. 2006); Commonwealth v. Jones, 663 A2d 142, 143
> (Pa. 1995); State v. Cruz, 517 A.2d 237, 240 (R.I.1986); Reading
> v. Ball, 354 S.E.2d 397, 398 (S.C.Ct.App.1987); State ex rel.
> Phillips v. Henderson, 423 S.W.2d 489, 492 (Tenn.1968); Bagwell
> v. International Union, United Mine Workers of Am., 423 S.E.2d
> 349, 359 (Va.1992) (reversed on other grounds); State v. Carviou,
> 454 N.W.2d 562, 563 (Wis.Ct.App.1990); Matter of Farmon, 841
> P.2d 99, 101 (Wyo. 1992).[14]

Plaintiffs' assertion that Rule 29 is violative of the Due Process Clause of the Fourteenth

Amendment is meritless.  As demonstrated herein, Plaintiffs applied neither the applicable

standard of review, nor the relevant case law when attempting to establish the validity of their

facial, constitutional challenge to the process set forth in Rule 29 for the recusal of West Virginia

Supreme Court Justices.  Further, Plaintiffs misapplied the constitutional principles necessary to

determine whether an individual Justice is constitutionally required to recuse himself or herself

---

[14]  These cases have not been included in the Table of Authorities.

from a specific case. There is no legal support for Plaintiffs' assertion that a motion to recuse constitutes a separate proceeding from the underlying litigation from which a Justice's recusal is sought or that Rule 29 violates the Due Process Clause because it requires a Justice against whom recusal is sought to preside over a proceeding in which he or she has an interest – the recusal motion. Further, this assertion contradicts not only all the cases cited by Plaintiffs, but the entire breath of the relevant case law. Plaintiffs erroneous, unsupported conclusion would invalidate the recusal procedures of the majority of jurisdictions, including the United States Supreme Court, because, at a minimum, the majority of jurisdictions permit the Justice against whom recusal is sought to make the initial determination regarding the validity of the recusal motion. For the aforesaid reasons, Rule 29 is constitutional and Plaintiffs' Motion for Summary Judgment must be denied. Further, pursuant to the relevant precedent, this Court should grant the West Virginia Supreme Court summary judgment because there is no genuine issue of material fact regarding the constitutionality of Rule 29.

## V.     The Due Process Clause Does Not Require Recusal Based Solely upon Appearances

Plaintiffs contend that even if Rule 29 comports with the constitutional floor set-forth in Tumey, *supra*, and Bracy, *supra*, Rule 29 still violates the Due Process Clause because it does not render the appearance of justice. Plaintiffs are mistaken.

First, the West Virginia Supreme Court in no way concedes that permitting a Justice against whom recusal is sought to decide the a validity of the motion in anyway undermines the appearance of justice. Plaintiffs fail to describe how permitting a Justice to decide a recusal motion filed against him/her would undermine the public trust and confidence in the judiciary. Instead, Plaintiffs simply rely upon a conclusary statement. This conclusory statement seems to presume that a Justice will violate his oath to administer impartial justice. However, the United

28

States Supreme Court has continually rejected any such presumption. See, <u>Lavoie</u>, 475 U.S. at 820 (holding, "As blackstone put it, 'the law will not suppose a possibility of bias or favor in a judge, who is already sworn to administer impartial justice, and whose authority greatly depends upon that presumption and idea.'"); <u>Huffman</u>, 420 U.S. at 611 (holding, "Appellee is in truth urging us to base a rule on the assumption that state judges will not be faithful to their constitutional responsibilities. This we refuse to do.") Plaintiffs are asking this Court to presume that a Justice of the West Virginia Supreme Court will not abide by his/her oath – a presumption specifically rejected by the United States Supreme Court.

Assuming, *arguendo*, that Rule 29 does, in some way, undermine the appearance of justice, Plaintiffs' argument still lacks merit. Plaintiffs generally cite <u>In re Murchison</u>, 349 U.S. 133 (1955) in support of their theory that the Due Process Clause requires a judge's recusal based solely upon appearances. However, this position has been uniformly rejected by every United States Court of Appeals that has addressed the issue. The United States Court of Appeals for the Seventh Circuit, in addressing the issue, held:

> The dissents treat Supreme Court's "appearance of justice" language from *Murchison* and *Aetna* as holding that the due process clause requires judges to recuse themselves based solely on appearances. **But those cases present no such holding**; the Supreme Court's mention of "appearance of justice' certainly does not compel reversal on due process grounds if a federal judge decides-based on a personal view of judicial protocol-that it looked bad for a state judge to try a case. Such a pure appearance approach would be hard to reconcile with the bevy of Supreme Court precedents on the issue of recusal which do not address the "appearance of justice." ... **The Supreme Court has never rested the vaunted principle of due process on something as subjective and transitory as appearance.**

<u>Del Vecchio v. Illinois Dept. of Corrections</u>, 31 F.3d 1363, 1371-1372 (7th Cir. 1994) (emphasis added). Continuing, the Seventh Circuit stated:

> In short, bad appearances alone do not require disqualification. Reality controls over uninformed perception. Del Vecchio cites no case in which the Supreme Court has overturned a verdict on due process grounds based on a mere appearance of bias. Our court was correct in holding that "a litigant is not denied due process by either the 'appearance' of partiality or by circumstances which might lead one to speculate as to a judge's impartiality. When the Supreme Court talks about the "appearance of justice," it is not saying that bad appearance alone requires disqualification; rather, it is saying that when a judge is faced with circumstances that present "some [actual] incentive to find one way or the other" or "a real possibility of bias," a court need not examine whether the judge actually was biased. **Absent the incentive for bias, however, disqualification is not required despite bad appearance.**

Id. at 1372 (emphasis added). See also, Johnson v. Carroll, 369 F.3d 253, 262 (3rd Cir. 2004) (holding, "In conclusion, none of the Supreme Court cases relied on by the District Court, and we are aware of none, has held or clearly established that an appearance of bias on the part of a judge, without more, violates the Due Process Clause."); Hardy v. U.S., 878 F.2d 94, 97 (2nd Cir. 1989) (holding that 28 U.S.C. § 455(a)'s "appearance of impropriety standard" is not "mandated by the Due Process Clause."); Davis v. Jones, 506 F.3d 1325, 1334 (11th Cir. 2007) (holding that "our circuit, as well as the Third and Seventh Circuits, already have rejected the claim that *Murchison* holds that an appearance of bias violates the Due Process Clause").

Plaintiffs' erroneous assertion conflicts with Supreme Court precedent. As previously stated, the Supreme Court has unambiguously stated that "most questions concerning a judge's qualifications to hear a case are not constitutional ones because the Due Process Clause of the Fourteenth Amendment establishes a constitutional floor, not a uniform standard." Bracy, 520 U.S. at 904; (referencing Lavoie, 475 U.S. at 828). "Thus matters of kinship, personal bias, state policy, remoteness of interest would seem generally to be matters of legislative discretion." Tumey, 273 U.S. at 523. The constitutional floor established by the Due Process Clause merely

requires "a fair trial in a fair tribunal, ... before a judge with no actual bias against the defendant or interest in the outcome of his particular case." Bracy, 520 U.S. at 904-905 (internal citations omitted). It would be wholly inconsistent to assert on one hand that recusal is only constitutionally required when the judge is actually biased against a party or has an interest in the outcome of the case in controversy and, then say that such determinations are irrelevant because the Due Process Clause requires the judge's recusal whenever his participation creates a bad appearance. Clearly, Plaintiffs' position is inconsistent with the relevant case law. Recusal statutes and rules established stricter grounds for disqualification than the Due Process Clause and it is within the confines of these statutes and rules that the issue of the "appearance of justice" is addressed. Davis, 506 F.3d at 1336; U.S. v. Sypolt, 346 F.3d 838, 840 (8th Cir. 2003). Simply put, whether a Justice's participation in case raises an inappropriate appearance, does not rise to the level of a constitutional question.

For the aforesaid reasons, Rule 29 is constitutional and Plaintiffs' Motion for Summary Judgment must be denied. Further, pursuant to the relevant precedent, this Court should grant the West Virginia Supreme Court summary judgment because there is no genuine issue of material fact regarding the constitutionality of Rule 29.

## CONCLUSION

The aforesaid authority requires that this Court deny Plaintiffs' Motion for Summary Judgment. Further, the relevant precedent requires this Court grant the West Virginia Supreme Court summary judgment because Plaintiffs lack the standing necessary to bring their cause of action. Assuming, *arguendo*, that the Court finds that Plaintiffs have standing, then the West Virginia Supreme Court is entitled to summary judgment because the *Younger* Abstention Doctrine is applicable to Plaintiffs' cause of action. Finally, if the Court reaches the merits of

31

Plaintiffs argument, then the West Virginia Supreme Court is entitled to summary judgment because Plaintiffs cannot prove that the recusal process set forth in Rule 29 is incapable of being constitutionally valid.

Dated:  July 24, 2008.

Respectfully submitted,

**SUPREME COURT OF APPEALS OF WEST VIRGINIA**

By:  The Tinney Law Firm, PLLC

_____/s/ James K. Tinney_____
John H. Tinney (WV State Bar #3766)
John H. Tinney, Jr. (WV State Bar #6970)
James K. Tinney (WV State Bar #9173)
John K. Cecil (WV State Bar #9155)
707 Virginia Street, East, Suite 1400
Charleston, WV  25337-3752
Telephone:  (304) 720-3310
Telecopier:  (304) 720-3315

# UNITED STATES DISTRICT COURT FOR THE
# SOUTHERN DISTRICT OF WEST VIRGINIA

## CHARLESTON DIVISION

MASSEY ENERGY COMPANY,

    and

MARFORK COAL COMPANY, INC., a
Subsidiary of Massey Energy Company,

       Plaintiffs,

  v.                                  Civil Action No. 2:06-0614
                                              (Judge Copenhaver)

SUPREME COURT OF APPEALS OF
WEST VIRGINIA,

       Defendant.

## CERTIFICATE OF SERVICE

    I, James K. Tinney, hereby certify that on the 24th day of July, 2008, the foregoing "The

Supreme Court of Appeals of West Virginia's Opposition to Plaintiffs' Motion for Summary

Judgment and Cross-Motion for Summary Judgment" was electronically filed with the Clerk of

the Court and served electronically upon counsel as follows:

               Scott Caudill, Esquire
               Caudill Law
               100 Capitol Street, Suite 1100
               Charleston, WV 25301

               Robert D. Luskin, Esquire
               Patton Boggs, LLP
               2550 M Street, N.W.
               Washington, DC 20037-1350

               /s/ James K. Tinney
               James K. Tinney  (WV State Bar #9173)